UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ABRAHAN GARCIA-MORALES,<br><br>                              Defendant. | Case No.: 16CR1611-CAB<br><br>**Order Denying Motion for Bond**<br>**[Doc. No. 147]** |

On April 21, 2020, defendant Abrahan Garcia-Morales was arrested on a no bail bench warrant for alleged violations of his conditions of supervised release. [Doc. No. 146.] He made his initial appearance before a United States Magistrate Judge on April 22, 2020 and after hearing counsel's arguments, bond was denied. [Doc No. 145.] Defendant now seeks review of his request for bond, pursuant to 18 U.S.C. § 3145(a). [Doc. No. 147.] The government has opposed the request. [Doc. No. 149.]

**I.     Background**

The defendant has a troubling history with this Court. In 2014, he pled guilty to charges of transporting aliens in violation of 8 U.S.C. § 1324. [Case No. 14cr2586, Doc. No. 47.] The defendant was driving a van with four aliens and admitted that he placed the aliens at substantial risk of serious injury by failing to yield to Border Patrol agents and instead fleeing at excessive speed, driving recklessly through traffic. [Id., at 3.] Although his guideline range was for 15 to 21 months of custody, the Court considered his youth at

the time (21-years old) and sentenced the defendant to 12 months and a day of custody and three years of supervised release. [Doc. No. 68.]

The defendant commenced supervised release on June 26, 2015 and less than a month later tested positive for methamphetamine use and was non-compliant with his drug testing and counseling conditions. [Doc. Nos. 79, 86.] He was also arrested for driving under the influence. [Doc No. 79.] For the admitted violations, the Court sentenced the defendant to four months of custody and continued supervision for two years. [Doc No. 88.]

The defendant recommenced supervision on January 15, 2016. On June 18, 2016, he was arrested for attempted transportation of aliens in violation of 8 U.S. C. § 1324. [Doc. No. 89.] This second federal felony was committed only five months after the defendant recommenced supervision for his first felony offense. For this supervised release violation, the defendant was sentenced to six months of custody to run consecutive to the sentence in the new offense. [Doc No. 103.]

The defendant was convicted by a jury on all three counts of the new offense. [Case No. 16cr1611, Doc. No. 109.] The 2016 conviction resulted in a custodial sentence of 27 months per count to run concurrent, the low end of the guidelines as calculated by the Court, and three years of supervised release. [Case No. 16cr1611, Doc. No. 120.] The defendant completed his custodial sentence and started his new period of supervised release on November 7, 2018.

To his credit, for almost a year the defendant was compliant. He maintained employment, drug tested as required and had no positive drug tests. [Doc. No. 130.] Then in October, 2019, the defendant was arrested for possession of heroin and cocaine, as well as burglary tools and a switchblade in his vehicle. He reportedly also failed to report to probation and attend counseling as required during this period. [Doc. No 139.] The Court issued a no bail bench warrant for his arrest on November 8, 2019. [Doc. No. 140.] While the warrant was pending, on December 30, 2019, the defendant was arrested for possession of a stolen vehicle and possession of approximately 5 grams methamphetamine. A Sig

Sauer BB gun and a digital scale were also seized in the arrest. [Doc. No. 148.] On April 21, 2020, the defendant was transferred from state to federal custody. He has hearings scheduled in San Diego Superior Court on the outstanding state charges. [Id.]

## II. Legal Standard

The magistrate judge shall order the detention of a defendant in custody for violation of supervised release, unless the defendant he can show by clear and convincing evidence he will not flee or pose a danger to any other person or to the community. Fed.R.Crim.P. 46 and 32.1(a)(6); 18 U.S.C. § 3143(a)(1). The magistrate judge ordered the defendant detained. On *de novo* review of the defendant's motion, the Court agrees. *United States v. Koening*, 912 F.2d 1190, 1193 (9th Cir. 1990) (the court considers *de novo* the defendant's request for conditions of release).

## III. Discussion

The defendant has not demonstrated by clear and convincing evidence that he is not a flight risk and danger to the community. [Doc. No 147.] His ties to the community and family obligations have not deterred him from engaging in repeated criminal conduct over the years. He has violated this Court's orders with new criminal behavior and has not demonstrated respect for the Court's rules and requirements. His history demonstrates a disregard for the safety of others, starting with his first federal conviction in which he evaded law enforcement by reckless driving in traffic. His subsequent arrest for driving under the influence and recent arrests for possession of controlled substances, that involved the presence of weapons (knife and a BB gun) further evidence that his actions pose a danger to the community.

The defendant's primary argument in support of his request for bond is his concern that while incarcerated he faces an increased risk of exposure to the COVID-19 virus.[1] The

---

[1] The Court recognizes that the COVID-19 pandemic presents significant and unprecedented public health concerns, and the challenges that exist in containing the virus in detention facilities are serious considerations. Current recommendations to attempt to contain the spread of the virus, such as social distancing, frequent hand washing and wearing a face mask are difficult to practice in detention facilities.

presence of the pandemic does not however, override the Court's obligation to conduct an individualized analysis under the applicable standards in this case. This defendant has not met his burden to demonstrate he is not a flight risk or danger to the community.

Defendant's motion for bond is DENIED.

IT IS SO ORDERED.

Dated: 5/6/2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

These challenges however do not require that all detainees be released on bond. Further the defendant does not represent that he has the virus, and neither his age or his physical condition place him at a significantly increased risk of serious complications if he were to contract the virus